86 N.J. Super. 594 (1965)
207 A.2d 567
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WILLIE MACK, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 1, 1965.
Decided February 26, 1965.
*595 Before Judges CONFORD, KILKENNY and LEWIS.
Mr. James P. McMahon, assigned counsel, argued the cause for appellant.
Mr. Gregory J. Castano, Assistant Prosecutor, argued the cause for respondent (Mr. James A. Tumulty, Jr., County Prosecutor of Hudson County, attorney).
The opinion of the court was delivered by LEWIS, J.A.D.
This is an appeal from a judgment of conviction for the crime of robbery in violation of N.J.S. 2A:141-1, entered upon a jury verdict in the Hudson County Court, Law Division. A sentence of confinement of nine to 12 years in State Prison was imposed. There was testimony on behalf of the State amply establishing defendant's guilt. The defense was denial of commission of the crime and alibi.
Although the sufficiency of the evidence to support the jury verdict is unchallenged, plain error revealed by the record necessitates a new trial.
At approximately 11 A.M. of the second day after the perpetration of the alleged crime, defendant was apprehended by detectives of the local police department. Following prolonged interrogation, defendant signed a confession at about 9:30 P.M. that night.
During the trial defendant objected to the inculpatory statement's being admitted in evidence, contending that it was made as the result of physical and psychological coercion at the hands of the law enforcement authorities. Following a hearing on that issue, out of the presence of the jury, the confession was admitted in evidence. Only one of the three law *596 enforcement officers claimed by defendant to have mistreated him testified during the preliminary hearing on the voluntariness of the confession. Two testified on the subject before the jury. The absence of the third was not explained. See State v. Tassiello, 39 N.J. 282, 292 (n. 2) (1963). When the judge admitted the confession, and before the jury heard any testimony on voluntariness, the jury was instructed:
"Ladies and gentlemen of the jury, the court is satisfied after hearing the evidence in this matter that the paper writing purporting to be a statement is the free act of the defendant and that the circumstances surrounding its taking did not offend fundamental fairness and due process of law. The Court therefore is satisfied that the matter is admissible and allows the statement to be admitted into evidence."
In its charge to the jury at the end of the case, the court said:
"The State has offered in this case a statement or confession alleged to have been made by the defendant. Under our law before such a statement or confession may be admitted into evidence the trial judge must make his own finding of fact and determine initially whether the confession or statement was the free act of the defendant and whether the circumstances surrounding its taking offended fundamental fairness or due process of law. In conformity with this rule of legal procedure I have heard testimony, in [sic] your presence, surrounding the making of this confession or statement and from that testimony concluded that it was the free act of the defendant and that the circumstances connected with its taking were in no wise offensive to fundamental fairness and did not violate due process of law, and therefore admitted it into evidence.
* * * regardless of my finding of fact in the matter it is solely up to you to determine it's [sic] voluntariness. * * * If you find it to be voluntary you will consider it together with all the other evidence in the case and give it what weight or credence you may determine, but if you find it to be involuntary you must totally disregard it."
In the concurring majority opinion of our Supreme Court in State v. (Clarence) Smith, 32 N.J. 501, 559-560 (1960), the proper procedure to be followed for determining whether a confession is voluntary is set forth with a concluding admonition that, "The jury should not at any time be *597 informed of the trial court's finding of voluntariness." See also State v. Jackson, 43 N.J. 148, 166-167 (1964); and State v. (Edgar) Smith, 43 N.J. 67, 76 (1964), wherein it was pointed out that the trial court having passed upon the voluntariness of a confession the defendant had been accorded his full constitutional due, citing Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). It was obviously the court's view in the Clarence Smith case that for the judge to inform the jury as to his own conclusion on the issue of voluntariness is to project an element of unfairness to the defendant into the jury's subsequent deliberations on the same issue. Here counsel for defendant made no objection to the trial court's remarks, and the State argues that if there was error it was not plain error justifying reversal. Considered in isolation from the remainder of the court's charge the issue is one of doubt.
In the instant case, however, the stated error was compounded by the fact that the trial judge did not inform the jury, as emphasized in State v. Tassiello, supra, 39 N.J., at p. 292, and in State v. Tune, 13 N.J. 203, 215 (1953), that the burden of proof on the issue of voluntariness was on the State. See also State v. Jackson, supra, 43 N.J., at p. 167. The jurors were left at liberty to assume that the burden of establishing involuntariness rested upon defendant and, indeed, they could have reasonably made such an assumption since they had twice been told by the presiding judge that he had found that the statement in question was the result of the accused's own free will and the circumstances surrounding the taking thereof did not offend fundamental fairness or due process of law.
The additional instructions to the jurors as to their ultimate responsibility and a judicial direction that the statement should be disregarded if they found it to be involuntary, when such instructions were devoid of any directions as to who had the burden of proof on the issue of voluntariness, might well have intensified an implication that the confession should be disregarded only if defendant had successfully convinced them *598 that the trial judge was wrong in his opinion as to voluntariness. Note, State v. Searles, 82 N.J. Super. 210, 214 (App. Div. 1964), where this court found plain error because the jury was left free to assume that the burden of proving alibi was on the defendant.
We should consider the cumulative effect of trial errors in determining whether they deprive a defendant of a fair trial under our system of justice. State v. Orecchio, 16 N.J. 125, 134 (1954). If in the aggregate the objectionable portions of a charge to the jury, be they errors of omission or commission or both, so grievously affect a defendant's rights as to convince us that they possess a clear capacity to bring about an unjust result, there is plain error within the contemplation of R.R. 1:5-1. See State v. Griffin, 84 N.J. Super. 508, 524 (App. Div. 1964).
We find the combined errors in the case sub judice to be substantial and vital and to have possessed a clear capacity to bring about an unjust result, and that fundamental fairness requires a reversal of the conviction.
Reversed and remanded for a new trial.