STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. ING KEE AND SAM MOY, PLAINTIFFS IN ERROR.

Submitted October 26, 1929—Decided May 19, 1930.

For the plaintiffs in error, *George E. Cutley* and *John E. McGeehan*.

For the defendant in error, *John Drewen*, prosecutor of the pleas.

The opinion of the court was delivered by

WALKER, CHANCELLOR. The plaintiffs in error, Ing Kee and Sam Moy, were convicted on indictment for assault with intent to kill, and sentence was passed upon the verdict. They sued out a writ of error to the Supreme Court, where their conviction was affirmed, and now they bring error here. They very properly plead in this court that the judgment of the Supreme Court should be reversed, because it affirmed the judgment of the Hudson Quarter Sessions though that judgment should have been reversed, which leaves open to them here the argument of any assignment of error or cause for reversal filed in the Supreme Court. See *Diamond Mills Paper Co.* v. *Leonard Hy. Ice Co.*, 95 *N. J. L.* 540, 545;

*Burhans* v. *Paterson*, 99 *Id.* 490. There is another rule, however, which modifies the one just mentioned, and that is that only errors argued in the court below or in an intermediate court of appeal will be considered in the court above unless the alleged errors go to jurisdiction or public policy. See *State* v. *Shupe*, 88 *Id.* 610; *Franklin* v. *Millville*, 98 *Id.* 262; *Donohue* v. *Campbell, Ibid.* 755.

In the Supreme Court there were four assignments of error, and also identical causes for reversal, as follows: (1) because the court refused to direct a verdict of acquittal; (2) because the court below allowed the state to introduce finger prints, &c.; (3) because the court charged in a particular stated, and (4) because the verdict was contrary to and against the weight of the evidence.

The Supreme Court in its opinion said that the plaintiffs in error's only assignment or specification laid before it as a ground of reversal challenged a paragraph of the charge relating to the claim of *alibi* interposed by the plaintiffs in error. This situation restricts the case in this court to the question of *alibi*, and counsel very properly argue that cause alone.

The Supreme Court said that the defendants, the plaintiffs in error, did not include all of the charge of the court on the subject of *alibi*, and that on well-settled principles all should be read together. That tribunal then set out the complete charge upon the point mentioned and said that it was the last paragraph that was attacked as erroneous but the court deemed it needless to consider it as standing alone, for taken with what preceded it the plain purpose of it was that under the language of *State* v. *Parks*, 96 *N. J. L.* 360, that where the personal presence of the defendant at the scene of the alleged crime is an essential of his guilt, and a defense of *alibi* is interposed, defendant is entitled to an acquittal if the testimony creates such a degree of uncertainty as to his whereabouts that the jury are not satisfied beyond a reasonable doubt of his guilt. And this is the settled law.

The latest case in this state in which the subject of *alibi* was treated is *State* v. *Guarino*, 105 *N. J. L.* 549. It was there

held that where the question on which the judge charges must necessarily be read in connection with other matter, then when the two deliverances are read together, and they, thus read, correctly state the law, there is no error. This has a special application to the case under review. And in the case at bar the entire instruction on the question of *alibi* need not be here inserted, as it is set out in full in the Supreme Court's opinion, and will be seen to agree with the doctrine of State *v.* Guarino.

In the case just cited (*State* v. *Guarino, supra*), it was stated that a proper instruction to be given by a trial judge on the question of *alibi* is: Where the presence of the defendant at the time and place of the alleged crime is an essential link in the chain of proof, such presence, like any other essential fact, must be established by the state beyond a reasonable doubt, and the burden of proving it never rests upon the defendant; if the testimony on that question alone raises a reasonable doubt, he is entitled to acquittal.

The charge in this case fully meets the requirements here laid down and necessarily leads to an affirmance of the decision of the Supreme Court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, CAMPBELL, LLOYD, CASE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 12.

*For reversal*—None.