THE STATE OF OHIO, APPELLEE, *v.* BROWN, APPELLANT.

(No. 447—Decided April 2, 1956.)

*Mr. Robert L. Perdue,* prosecuting attorney, for appellee.
*Mr. William H. Brooks* and *Mr. John L. Francis,* for appellant.

*Per Curiam.* This is an appeal on questions of law from a judgment of the Common Pleas Court of Ross County entered on a verdict of guilty of the crime of breaking and entering an inhabited dwelling in the night season with intent to commit a felony. In the nine assignments of error the defendant complains that the verdict is not sustained by sufficient evidence, that the verdict is against the manifest weight of the evidence, that the court erred in the admission and rejection of evidence, and that the court erred in instructing the jury on the subject of alibi.

The evidence discloses the following facts: That on July 25, 1955, Theda Schwemlein resided in a two-room apartment in the city of Chillicothe, Ohio, consisting of one large room downstairs and a bedroom and bathroom on the second floor; that

Mrs. Schwemlein, who lived alone, retired about 10:30 on the evening of July 24, 1955; that when she retired the doors and windows to the apartment were closed and locked; and that Mrs. Schwemlein was awakened about 3 a. m. on July 25 by someone who had entered the apartment through a window on the ground floor, gone upstairs to the bedroom, leaped upon her in her bed, placed his hand over her mouth and said, "don't do that again and nobody's going to get hurt." The intruder then forcibly and against her will had sexual intercourse with Mrs. Schwemlein and left the apartment. Mrs. Schwemlein immediately called the police by telephone, and the police arrived at the apartment within a few minutes and found Mrs. Schwemlein screaming, disheveled and with four dark marks extending across her face.

Mrs. Schwemlein was taken to the Chillicothe City Hospital and given a vaginal examination by a doctor, which disclosed the fact that she had recently had sexual intercourse. The doctor removed a small pubic hair from the genital region of Mrs. Schwemlein and placed it on a microscopic slide. Within a few minutes after the police officers arrived at the apartment the defendant, who had previously been convicted of prowling in this same community, was placed under arrest and also taken to the city hospital, where the same doctor examined his external genital organs, retracted the foreskin of his penis and removed from the under side of the foreskin a small hair which was placed on a glass microscopic slide. The pants, socks and shoes of the defendant were impounded by the police officers for evidence. A sheet was removed from Mrs. Schwemlein's bed and an impression was made of footprints left by the intruder on a stove and on a cushion in a chair, made when he climbed through a window into the apartment. Later, all these objects were examined by the Bureau of Criminal Identification at London, Ohio, and it was found that the hair removed from the penis of the defendant was similar in color and texture to the hair removed from the genital region of Mrs. Schwemlein and that the soles of the defendant's shoes fitted the impression of the footprints with identical markings. It was also discovered that short hairs removed from the cuffs of defendant's trousers were similar in length, color and texture to hairs re-

moved from the sheet taken from Mrs. Schwemlein's bed. Mrs. Schwemlein is a Caucasian with brown hair and the defendant is a Negro. The evidence also shows that the day before the burglary Mrs. Schwemlein had sat on the side of her bed and dry-shaved her legs.

The defense of the defendant was an alibi supported by three witnesses whose testimony was uncontroverted. It is the contention of the defendant that the facts above outlined, assumed to be true, are insufficient to establish his guilt; that the motions for dismissal of the charges interposed when the state rested its case and at the close of all the evidence should have been sustained; and that the conclusion of guilt upon a consideration of these facts and circumstances must rest upon an inference on an inference, which is not permissible in trial procedure.

It is only when there is no evidence to establish all the essential elements of the crime charged that the trial court may sustain a motion of the defendant for dismissal. If there is any substantial evidence that a crime has been committed by the defendant it then becomes a question for the jury to determine his guilt or innocence. 15 Ohio Jurisprudence (2d), 421, Section 225. The evidence in this case shows beyond peradventure by direct evidence the burglary of the inhabited dwelling of Theda Schwemlein. The identity of the defendant as the burglar is attempted to be shown by circumstantial evidence. As we view the record, the jury based its finding, not upon an inference on an inference, but upon several separate facts and circumstances. In the recent case of *Hurt* v. *Charles J. Rogers Transportation Co.*, 164 Ohio St., 329, 130 N. E. (2d), 820, it is held that it is permissible for a jury to use a series of facts or circumstances as a basis for ultimate findings and inferences. On the facts above stated it is our opinion that the guilt or innocence of the defendant was a question to be decided by the jury and not by the court, and that the verdict of the jury is not against the manifest weight of the evidence. Obviously, the jury did not believe the testimony of the defendant as to his whereabouts, or the witnesses called to establish his alibi. The defendant complains that the court erred in instructing the jury on the subject of alibi, in part, as follows:

"It is obviously essential to it as a proof of an alibi that it should cover the whole of the time of the transaction in question or so much of it as to render it impossible that the defendant could have committed the act."

Following that language, the court instructed the jury that the defendant did not have the burden of proof to establish his alibi by a preponderence of the evidence, or beyond a reasonable doubt, and that if proof of the alibi raised a reasonable doubt in their minds as to his guilt he should be acquitted. This is a correct statement of the law on alibi as announced by the Supreme Court of Ohio in the case of *Sabo* v. *State,* 119 Ohio St., 231, 163 N. E., 28. This assignment of error must be overruled.

The complaints of error in the admission and rejection of evidence may readily be disposed of. The defendant complains that the court erred in not admitting a copy of the order of commitment of Theda Schwemlein to a mental institution in 1949. This fact had already been admitted by Mrs. Schwemlein in her testimony and the paper offered in evidence was merely a copy in the possession of the Probate Court of Ross County, furnished by the Probate Court of Hamilton County where the commitment was made and where all the papers in the proceedings were on file.

A police officer was asked whether he did not harbor ill will towards the defendant, and an objection to this question was sustained. Ordinarily this would have been error, but when we consider the character of the testimony of the police officer the rule does not apply. This officer merely testified to the custody of some of the exhibits to show continuous possession of the exhibits by the police department. These errors complained of are without merit.

We have examined all the assignments of error and have carefully read the record and the briefs. We find the court's instructions to the jury to be full and complete on every issue in the case and very fair to the defendant. Upon a review of the entire case, we conclude that, under the provisions of Section 2945.83, Revised Code, the judgment of the trial court should be affirmed, because it does not affirmatively appear in the record that the accused was prejudiced by any action of

which complaint is made or was prevented from having a fair trial under such section, and because it appears upon the face of the record that substantial justice has been done.

*Judgment affirmed.*

McCURDY, P. J., GILLEN and COLLIER, JJ., concur.