HOLMES *v.* STATE

No. 41962 November 20, 1961 134 So. 2d 485

*Carl A. Chadwick,* Natchez, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

Appellant, Willie Lee (Buddy) Holmes, was convicted in the Circuit Court of Adams County of the murder of William Earl Coulston and sentenced to serve a life term in the penitentiary.

The evidence amply supported the verdict of the jury. Coulston was stabbed twice on Friday night, September 30, 1960. His brother testified in some detail as to the circumstances. His testimony was supported by other eye-witnesses or near eye-witnesses, and several of defendant's own witnesses confirmed parts of the State's version. Defendant did not testify. The jury was justified in finding that appellant inflicted the death wounds

on Coulston with a knife without any provocation, and in premeditated anger.

■■■ There was no error in the trial court's refusing defendant an instruction that the testimony of an accomplice should be weighed with great caution, etc. The evidence does not show appellant had an accomplice in the murder of Coulston. On the contrary, it reflects that his actions in that respect were not connected with others. ■■■ Moreover, the giving of such instruction rests in the sound discretion of the trial judge. State v. Jennings, 50 So. 2d 352 (Miss. 1951).

About a month before the present trial, there had been a prior one on this charge, which resulted in a mistrial. The present case was tried on December 12, 1960. On December 5 defendant's counsel wrote the court reporter requesting that she transcribe, before December 12, her notes of testimony of the State's witnesses on the first trial. Defendant's motion for continuance stated the court reporter was in the hospital for several days during the interim period, and on advice of her doctor she was unable to furnish a transcript of this testimony before December 12; and that, because of the variance in testimony of these witnesses, defendant could not proceed with the second trial without having a transcript of the first one. The circuit court overruled the motion for continuance filed on December 12. The order recited that on December 5 both sides announced ready for trial, and by agreement the case was set for December 12; that a special venire was called, and all witnesses were present.

■■■ Mississippi Code 1942, Rec., Sec. 1520, provides that a denial of a continuance "shall not be ground for reversal unless the Supreme Court shall be satisfied that injustice resulted therefrom." Appellant's counsel agreed to setting the trial for the day on which the motion for continuance was filed. All witnesses and the special venire of jurors were present. Appellant had

other methods of establishing what the State's witnesses testified on the first trial. Moreover, the motion for a new trial did not preserve this point by assigning it as error. Under these circumstances, there was no abuse of the trial judge's discretion in overruling the motion for continuance.

Appellant finally assigns as error the overruling of his motion for mistrial. Joe N. Bennett was the second witness for the State. He said that he saw everything except the actual stabbing. He testified in some detail. No motion for a mistrial was made during the testimony of this witness. The witness said Frank Bacon, who was present when the killing occurred, had a piece of rusty iron, but appellant's counsel contended it was a sickle with a handle broken off. A doctor had already testified that the death wounds were made by a sharply pointed instrument.

 After the State rested, appellant's counsel made a motion for a mistrial on the ground that, during the interrogation of Bennett by the appellant's attorney, a deputy sheriff held up a piece of iron where the jury could see it. This object could not have caused Coulston's death. The State's attorney knew nothing about the incident; it did not occur at his instance. The circuit court overruled the motion on the ground that the instrument "was never exhibited to the jury". There is no bill of exceptions. In its absence, the decision of the trial court must be presumed to be correct. Moreover, even if the incident occurred, we do not think that it was sufficiently prejudicial in nature to support a reversal on this record, where the defendant's guilt is established by the great weight of the evidence.

 The object of a bill of exceptions is to put of record matters which transpire on the trial, and which are not of record otherwise. Vicksburg & M. V. R. Co. v. Ragsdale, 51 Miss. 447 (1875). Assuming the stated events occurred and appellant's counsel made a motion

for a mistrial at the first opportunity, no bill of exceptions was taken to show what transpired. Miss. Code 1942, Rec., Sec. 1532. The trial judge, who of course was present and presiding, found that the instrument was not exhibited to the jury. There is no evidence to the contrary. If there were, it should have been presented by a bill of exceptions, which was not done. █ The Court cannot give controlling weight to the ex parte statements of appellant's counsel, when he himself admits that he did not see the deputy sheriff exhibiting the instrument to the jury, without a bill of exceptions adequately supporting that asseveration; and particularly so where the trial judge found to the contrary.

Affirmed.

*Lee, P. J.,* and *Arrington, McElroy* and *Rodgers, JJ.,* concur.