82 N.J. Super. 210 (1964)
197 A.2d 384
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
BENJAMIN SEARLES, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 27, 1964.
Decided January 30, 1964.
*212 Before Judges GOLDMANN, KILKENNY and COLLESTER.
Mr. Robert E. Gladden, assigned counsel, argued the cause for appellant.
Mr. James G. Aiken, Assistant Prosecutor, argued the cause for respondent (Mr. Norman Heine, Camden County Prosecutor, attorney).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Defendant, together with Allen Searles, Richard Dennard and Ronald Young, was indicted in two counts for robbery (N.J.S. 2A:141-1) while armed (N.J.S. 2A:151-5). Young pleaded guilty; the others stood trial, with the result that defendant and Allen Searles were found guilty on both counts and Dennard guilty on only the first count. The trial judge imposed State Prison sentences of 5-10 years for robbery and 2-3 years for being armed, the sentences to run consecutively. We granted leave to appeal as an indigent and assigned counsel (not his trial counsel).
Defendant alleges that the trial judge erred in six respects, each of them, whether considered alone or together with the others, amounting to plain error. Recourse is had to the plain error rule, R.R. 1:5-1(a), made applicable to this court by R.R. 2:5, because in no case had objection been made. The rule may be invoked where the error is such as to affect a defendant's substantial rights, resulting in the defeat of substantial justice. In re Stern, 11 N.J. 584, 590 (1953).
The crime was committed in Camden, N.J., on Friday evening, August 25, 1961, at about 10 P.M. At the trial defendant *213 denied guilt, denied knowledge of the crime, and testified that when it took place he was in Philadelphia with one Ernest Wing. The latter, called as a defense witness, corroborated defendant's story.
Defendant claims that the trial judge erred when he failed to instruct the jury concerning the claim of alibi, the extent of the burden of proof upon him to establish the alibi, and its effect upon the State's burden of proof. There was no request to charge as to alibi. We find nothing in the trial judge's instructions concerning alibi; he merely told the jury that the State had the burden of proving the offenses charged beyond a reasonable doubt, and that its burden never shifted. Defendant's trial counsel did not object to the court's failure to charge as to alibi.
It is settled law, and an accused is entitled to have the jury specially instructed, that where the presence of the defendant at the time and place of the alleged crime is an essential link in the chain of proof, such presence, like any other essential fact, must be established by the State beyond a reasonable doubt; that the burden of proving alibi never rests upon the defendant, and if the testimony on that question alone raises a reasonable doubt, he is entitled to an acquittal. State v. Kee, 106 N.J.L. 336, 338 (E. & A. 1930); State v. Guarino, 105 N.J.L. 549 (E. & A. 1929).
Alibi deals with physical absence and involves the physical impossibility of guilt. An offer to establish alibi, and thus break the force of the State's prima facie case by testimony that the accused was elsewhere, is not the offer of an affirmative issue advanced by the defense. It is merely a showing of facts inconsistent with an essential element of the criminal charge. Sherlock v. State, 60 N.J.L. 31, 32 (Sup. Ct. 1897). The jury may, notwithstanding such testimony, believe that the defendant was present as charged. Or it may believe that he was absent, in which event he is said to have proved alibi. Still a third result may be that the defendant's testimony may create such a degree of uncertainty as to his whereabouts that the jury is not satisfied, beyond a *214 reasonable doubt, of his guilt of the crime for which he was indicted.
There can be no question that the only defense here was alibi. The prosecuting attorney in his summation sought to overcome that claim. Nonetheless, the trial judge completely disregarded the question of alibi when he instructed the jury. The jury was thus left free to assume that the burden of proving alibi was on defendant. It was left without instruction as to the effect of the alibi proofs upon the State's burden of proving defendant guilty beyond a reasonable doubt. In our opinion, the trial judge's failure to charge the pertinent rules that obtain where there is a claim of alibi, was error affecting defendant's substantial rights, and this despite defense counsel's failure to request a charge or to object to the charge as given.
The precise question does not seem to have been previously raised in New Jersey. It has been considered in Pennsylvania. Commonwealth v. Bonomo, 396 Pa. 222, 151 A.2d 441 (Sup. Ct. 1959), and cases there cited.
An adequate charge on alibi is particularly important where that is the defendant's main or sole defense. Abaly v. State, 163 Wis. 609, 158 N.W. 308 (Sup. Ct. 1916); and see State v. Nichols, 117 Kan. 630, 232 P. 1058 (Sup. Ct. 1925).
Defendant could only rely upon an alibi. His witness Wing corroborated him. If evidence relating to alibi, considered alone or in connection with all other evidence, leaves a reasonable doubt of guilt in the minds of the jury, they should acquit. And even if such evidence should be insufficient to satisfy the jury, it cannot be rejected but must be considered with the evidence in connection with the State's burden of proof. State v. DeGeralmo, 83 N.J.L. 135, 137 (Sup. Ct. 1912).
In short, the jury here was left without guide or compass concerning the evidential effect of the claimed alibi and testimony in creating a reasonable doubt. There was plain error, requiring reversal.
*215 The prosecuting attorney was permitted to cross-examine defendant and his alibi witness Wing concerning Wing's prior arrest and incarceration in jail, and this without having shown that Wing had ever been convicted of crime. (The prosecution itself established that Wing had never been so convicted.) In his summation the prosecuting attorney commented, without objection, that Wing "is a resident upstairs right now" and was "doing time up there." The "upstairs" reference was to the jail on one of the upper floors above the court. It appears that Wing was being held on suspicion.
Although the State may prove a prior conviction to affect credibility of a witness, N.J.S. 2A:81-12, it can only do so if there in fact was such a conviction. Inquiry concerning an arrest, or any reference to simply an arrest, is prohibited. State v. Cooper, 10 N.J. 532, 555-556 (1952). Wing was defendant's only alibi witness. The improper admission of testimony concerning his prior arrest, without conviction, must be considered plain error, since the alibi defense turned upon the jury's acceptance or rejection of Wing's testimony. State v. Dunphy, 19 N.J. 531, 537 (1955).
We have considered defendant's other claims of error and find no merit in them.
Reversed and remanded for a new trial.