**STATE of Maine**

**v.**

**Randy JEWELL.**

Supreme Judicial Court of Maine.

Jan. 10, 1972.

Peter W. Culley, Chadbourn H. Smith, Asst. Attys. Gen., Augusta, for plaintiff.

Eaton, Glass, Marsano & Hammond by Thomas W. Hammond, III, Belfast, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY and WERNICK, JJ.

DUFRESNE, Chief Justice.

At the October term of the Superior Court in Waldo County the defendant, Randy Jewell, was convicted by jury of the crime of breaking, entering and larceny in the nighttime as charged in the second count of an indictment found by the grand jury on October 8, 1970. The burglarized premises were those of Joshua Treat, also known as Howard's Shell Station, and the stolen property was a tool box containing assorted tools of one Henry Malo. Sentenced to imprisonment in the Maine State Prison for not less than two years and not more than six years, Jewell seasonably filed notice of appeal from the judgment and asserts several reasons why he claims his conviction should be set aside and a new trial granted. The appeal is denied.

## INSTRUCTIONS RESPECTING ALIBI EVIDENCE

The defendant first complains about the following portion of the charge to the jury:

"Now the alibi testimony must prove to be affective [sic] the absence of the Defendant from the scene of the crime so that it would be impossible for him to commit the crime, and that's the purpose of alibi testimony. An alibi, if believed by a Jury, if the facts of the alibi justify, it is an absolute defense. Otherwise, it is no defense. And so you will have to ask yourselves, what did these 3 witnesses for the Defendant say? Did they offer you testimony from which you are satisfied that Mr. Jewell was not at the Howard filling station at whenever time it was after midnight on the morning of July 16th? Does their testimony place him elsewhere? Does it create in your mind a reasonable doubt as to his guilt? It is for you to say. You will remember who these alibi witnesses were, the nature of their testimony and the times that they gave to answer these questions."

Defendant contends that these instructions erroneously conveyed to the jury that where the accused claimed an alibi the burden of proving the same was on him. We do agree that if the instructions of the Court suggested that the accused had to carry the burden of persuasion on his alibi defense to any degree there would be error.

The defendant was charged with breaking and entering Howard's Shell Station and stealing the property of Henry Malo which was kept therein. He was accused of committing this crime on or about July 16, 1970 in the City of Belfast, in the County of Waldo and State of Maine. Thus, as part of the accusation against Jewell, the State assumed the burden of proving beyond a reasonable doubt each and every element of the crime charged, including the presence of the defendant, actual or constructive, at the time and place it was committed and his participation therein. See, State v. Saba and Korbett, 1942, 139 Me. 153, 27 A. 2d 813.

It is a fundamental rule in this country that an accused is presumed to be innocent of the offense with which he is charged and that this presumption of innocence stays with him throughout his trial, the burden resting at all times upon the prosecution to overcome the presumption by such weight of evidence as will satisfy the minds of the jury beyond a reasonable doubt of the defendant's guilt. The State's burden to prove the commission of crime beyond a reasonable doubt, and conversely the accused's right to have any reasonable doubt resolved in his favor, applies to the

whole evidence including that of alibi. Glover v. United States, 1906, 8 Cir., 147 F. 426; Thomas v. United States, 1954, 9 Cir., 213 F.2d 30.

■ Indeed, alibi evidence is merely rebuttal evidence directed to that part of the evidence which tends to identify the defendant as the person who committed or participated in the alleged crime. When resorting to an alibi defense, a defendant merely attempts to show a state of facts inconsistent with his presence, actual or constructive, at the time and place of the commission of the crime alleged against him, but recourse to such defense does not relieve the State of its standing burden, which never shifts, of proving beyond a reasonable doubt that the defendant was the perpetrator of the offense, participating therein at the time and place of its commission. When tendering an alibi defense, an accused does not assume any burden of proof respecting it. A defendant is entitled to an acquittal if the evidence taken as a whole, including the alibi evidence adduced by the prosecution or the defendant, is sufficient to raise a reasonable doubt as to his presence, actual or constructive at the scene of the crime or as to his guilt generally. 23 C.J.S. Criminal Law § 923 b, p. 660; State v. Ing Kee, 1930, 106 N.J.L. 336, 338, 150 A. 358; People v. Elmore, 1938, 277 N.Y. 397, 14 N.E.2d 451; Floyd v. State, 1954, 205 Md. 573, 109 A.2d 729; State v. Brown, 1956, 102 Ohio App. 113, 141 N.E. 2d 686; State v. Mayfield, 1959, 235 S.C. 11, 109 S.E.2d 716, cert. denied 363 U.S. 846, 80 S.Ct. 1616, 4 L.Ed.2d 1728; State v. Simon, 1964, Mo., 375 S.W.2d 102; Watson v. State, 1967, Fla.App., 200 So.2d 270.

■ In offering evidence that he was elsewhere and not at the scene of the crime either actually or constructively, a defendant merely undertakes to substantiate and support his plea of not guilty of the offense charged against him; it is one method of negating the prosecution's case. Notwithstanding the defensive nature of his alibi evidence, the accused does not, by asserting such a defense, undertake to establish an affirmative issue, but only offers to show facts inconsistent with the State's proof that he was present at the time and place when and where the crime was committed and consistent with his innocence. Ragland v. State, 1939, 238 Ala. 587, 192 So. 498; People v. Pearson, 1960, 19 Ill.2d 609, 169 N.E.2d 252; State v. Searles, 1964, 82 N.J. Super. 210, 197 A.2d 384.

■ The burden of proof that the accused was present at the scene and participating in the commission of the crime rests at all times on the State. The Justice below instructed the jury respecting the intrinsic nature of the defense of alibi, explaining that alibi evidence, to be effective, deals with physical absence from the scene of the crime and involves the physical impossibility of guilt. He characterized an alibi, if believed and justified from the evidence, as an absolute defense to an accusation. He called upon the jury to assess the alibi evidence, whether it satisfied them respecting the defendant's absence from the scene of the crime at the time involved.

■ The correctness of a charge, however, is to be determined from the entire charge and not from isolated extracts from it. State v. Berube, 1962, 158 Me. 433, at p. 438, 185 A.2d 900. The adequacy of the charge is to be measured by the charge as a whole. State v. Poulin, 1970, Me., 268 A.2d 475, at p. 480.

■ Nowhere did the presiding Justice place the burden of proof respecting alibi on the defendant. As a matter of fact he instructed the jury specifically as follows:

"Now, of course, the State must prove that the Defendant was there. They must satisfy you beyond a reasonable doubt that the Defendant was at the scene of the crime and active, present and participating therein. The Defendant does not have to prove he wasn't there. The State has to prove he was, and that beyond a reasonable doubt, * * *."

Furthermore, the Justice's explanation of the intrinsic nature of alibi evidence was qualified by him in the same breath by the inquiry: "Does it create in your mind a reasonable doubt as to his guilt?", after which he added: "It is for you to say." The jury could not possibly from the whole charge have been misdirected as to the burden of proof and any alleged undesirable overtone which the use of the expression— "the alibi testimony must prove"—might have suggested if taken alone was completely dissipated by the clear instructions of the charge as a whole that the burden of proof as to the presence of the defendant at the scene of the crime was on the State and that beyond a reasonable doubt and if the alibi evidence created a reasonable doubt in the minds of the jury as to the defendant's guilt, then he should be acquitted. To the extent that State v. Fenlason, 1886, 78 Me. 495, 7 A. 385, might imply that an accused has the burden of proof to some degree respecting an alibi or stands for principles inconsistent with those we have endorsed, it is overruled.

## INSTRUCTIONS RESPECTING ACCOMPLICE TESTIMONY

The defendant contends that it was prejudicial error for the Justice below to fail to give the jury a cautionary instruction regarding the testimony of an accomplice whose credibility had to be accepted to sustain a conviction. Such an instruction was not requested by the attorney who represented the defendant at trial at the close of the evidence, nor were there any objections to the charge as given before the jury retired to consider its verdict, all as required by Rule 30(b), Maine Rules of Criminal Procedure. The appellant relies in his quest for relief upon Rule 52(b) M.R. Crim.P., which provides that obvious errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.

Except where the statutes or constitution provide otherwise, the rule in this jurisdiction is that a conviction may be sustained in a criminal case on the uncorroborated evidence of an accomplice, but such testimony is always received with caution. The testimony of the accomplice-witness is for the jury, and, if his testimony convinces beyond a reasonable doubt, they are authorized to find guilt. State v. Hume, 1951, 146 Me. 129, 78 A.2d 496; State v. Morey, 1927, 126 Me. 323, 138 A. 474.

In State v. James, 1965, 161 Me. 17, 206 A.2d 410, this Court saw no occasion to depart from the rule, and added:

"The problem is essentially one of weight and credibility and we are satisfied that a jury, *acting under proper instructions*, can exercise that care and caution in evaluating the testimony of the accomplice which insure a fair trial to the respondent." (Emphasis supplied.)

Ordinarily the problem of the credibility of an accomplice arises where he testifies for the State. Such testimony has inherent weaknesses because of its proclivity for untrustworthiness. Accomplices confessing their criminal activity with a defendant oftentimes are influenced in their testimony by such motives as malice toward the accused, fear, threats, promises or hopes of leniency or benefits from the prosecution. The cautionary charge to the jury, viewed by some courts as the better practice, in most instances is for the benefit of the defendant. But the usual specific instruction, that the evidence of an accomplice is to be carefully scrutinized, received with caution and assessed in the context of his interest, may be, to some degree, to the defendant's disadvantage because the very use of the term "accomplice" characterizing as it does the association between the witness and the accused has an opprobrious and detrimental connotation. The use of that word where the witness admits his guilt gives rise to the natural suggestion that the defendant whom he has implicated is likewise a guilty participant in the crime.

At common law it was not required that the Court give a cautionary instruction respecting accomplice testimony that it

should be examined with great care and caution, but the practice of giving such instructions or advice to the jury rested in the Court, and the refusal to do so was not assignable as error. State v. Douglas, 1944, 70 S.D. 203, 16 N.W.2d 489. See also, Gordon v. State, 1940, 188 Miss. 708, 196 So. 507; Holmes v. State, 1961, 242 Miss. 407, 134 So.2d 485; State v. Montifoire, 1922, 95 Vt. 508, 116 A. 77.

■ While a defendant may be entitled to the cautionary charge when he requests that it be given, (see, Commonwealth v. Sisak, 1969, 436 Pa. 262, 259 A.2d 428), it is not error, let alone obvious error, for a trial judge to fail to give the warning comment where it has not been requested. State v. Artis, 1970, 57 N.J. 24, 269 A.2d 1.

■ The charge of the presiding Justice respecting the factors to be considered by the jury in evaluating the testimony of the accomplice was extremely fair to the accused and, absent a request for the cautionary warning, was a correct exposition of the law. No showing of manifest error has been made. The evidence discloses nothing in the testimony of the accomplice to make the same inherently incredible, improbable, unreasonable or unsubstantial. His testimony was accepted as true by the jury and formed a sufficient basis for conviction of the defendant. The alibi evidence tended to raise a conflict with the accomplice's testimony. In this posture of the case, it was the jury's province to determine the credibility of the witnesses, the weight to be accorded to their testimony, and the ultimate issue of guilt or innocence of the defendant.

■ The appellant further contends that the Justice below, in his narration of the facts to the jury and in his reference to them that a criminal statute of the State had been violated, committed prejudicial error; he argues the presiding Justice thereby indicated to the jury that he had himself concluded the defendant was guilty. We have carefully reviewed the charge and find that no reasonable jury could properly infer from its language any such expression of opinion in violation of 14 M.R.S.A., § 1105. The record affirmatively shows that the defendant received the fair trial to which he was entitled under the law and the constitution and that the jury, in view of all of the evidence, was warranted in believing beyond a reasonable doubt that the defendant was guilty.

There was no error below and the entry will be

Appeal denied.

All Justices concurring.

ARCHIBALD, J., did not sit.