THE STATE OF OHIO, APPELLEE, *v.* ROBERTS, APPELLANT.

(No. 76-558—Decided December 15, 1976.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, *Mr. Fred J. Cartolano, Mr. Robert R. Hastings, Jr.,* and *Mr. David Davis,* for appellee.

*Mr. Harvey B. Woods,* for appellant.

*Per Curiam.* The state presented evidence that appellant, who already had kidnapped and was holding one Patricia Sue Ramey, abducted Mr. and Mrs. William H. Reed on August 5, 1974, and took them to their home in Cincinnati. Appellant bound the Reeds, took their money, struck Mrs. Reed, and eventually choked Mr. Reed to death. Witnesses at trial included Ramey, Mrs. Reed and appellant.

Appellant submits that the removal of prospective jurors for cause, upon motion of the prosecution, when such jurors express an opinion opposing capital punishment, but indicate they could determine the guilt or innocence of defendant based on the evidence, is reversible error under *Witherspoon* v. *Illinois* (1968), 391 U. S. 510.

This court has held that upon examination of a prospective juror to determine whether he should be disqualified from a capital case due to his opposition to the death penalty, the most that can be demanded of him is that he consider all the penalties provided by state law, and that he not be irrevocably committed before trial to voting against the death sentence regardless of the facts. *State* v. *Watson* (1971), 28 Ohio St. 2d 15, 275 N. E. 2d 153. This court has expressly pointed out that the essential holding of *Witherspoon* is its prohibition of the death sentence if the jury imposing or recommending it excluded veniremen for cause merely because they voiced general objections to capital punishment or expressed conscientious or religious scruples against it. *State* v. *Wilson* (1972), 29 Ohio St. 2d 203, 208, 280 N. E. 2d 915. Decisions handed down by this court, in light of *Witherspoon,* have entailed the careful interpretation of the language utilized by respective courts, litigants, and veniremen in asking and answering whether veniremen would "*automatically* vote against the imposition of the death penalty." *State* v. *Anderson* (1972), 30 Ohio St. 2d 66, 69, 282 N. E. 2d 568. See, also, *State* v. *Bayless* (1976), 48 Ohio St. 2d 73, —— N. E. 2d ——.

The statutes of this state have provided that a person called to serve as a juror may be challenged in the trial of a capital offense for the cause that his opinions preclude

him from finding the accused guilty of an offense punishable with death. R. C. 2945.25(C). Crim. R. 24, effective July 1, 1973, encompasses no explicit parallel to R. C. 2945.25(C). However, Crim. R. 24(B)(9) does provide that a person called as a juror may be challenged for cause if he possesses a state of mind evincing insurmountable bias toward the defendant or the state. Crim. R. 24(B)(14) similarly provides that a person called as a juror may be challenged for cause if he is unsuitable for service as a juror for reasons other than those expressly laid out in the rule. The wording of Crim. R. 24 is sufficiently broad to render unsuitable, as one who may be challenged for cause,[1] a juror of the type accounted for by R. C. 2945.25(C).

Our review of the record indicates that sufficient reason existed for the trial court to believe that those jurors declared disqualified could not determine upon the evidence the guilt or innocence of the accused, but would automatically vote against a verdict which might lead to capital punishment. The removal of thus biased prospective jurors for cause does not constitute reversible error.

Appellant complains that a mistrial should have been declared because of certain statements made by the prosecutor in the presence of the jury. The remarks dealt with an "admission" made by appellant, which we find to have been admissible as an exception to the rule against hearsay, and which was erroneously excluded by the trial court. See McCormick on Evidence (2d Ed.), 629-30 (1972). Under such circumstances, no error prejudicial to appellant occurred. Furthermore, the court in its general charge correctly instructed the jury that no comment made by counsel or by the court is evidence.

Appellant urges that the refusal of the trial court to permit counsel for appellant to confer in front of the bench during cross-examination of a prosecution witness constitutes prejudicial error. Our examination of the record

[1]"The language of Criminal Rule 24(B)(14) is sufficiently broad * * * to include the unsuitability of a juror in a capital case." Schroeder and Katz, 2 Ohio Criminal Law and Practice 229 (1974).

224

on this point does not disclose an abuse of discretion by the trial court which would warrant or necessitate a reversal of this cause.

Appellant submits that it was prejudicial error for the trial court to permit, over the objection of the defense, the redirect examination of a prosecution witness relative to another alleged crime involving the appellant, after defense counsel had questioned the witness on cross-examination regarding where the appellant had received money, and the witness answered that some was obtained from other robberies. R. C. 2945.59 provides that in any criminal case in which the defendant's intent or system is material, acts of the defendant tending to show his intent or system may be proved, whether they are prior or subsequent thereto, notwithstanding that such proof may tend to show the commission of another crime by the defendant. See *State* v. *Hector* (1969), 19 Ohio St. 2d 167, 249 N. E. 2d 912; *State* v. *Moorehead* (1970), 24 Ohio St. 2d 166, 265 N. E. 2d 551; *State* v. *Burson* (1974), 38 Ohio St. 2d 157, 311 N. E. 2d 526; *State* v. *Cox* (1975), 42 Ohio St. 2d 200, 327 N. E. 2d 639; and *State* v. *Curry* (1975), 43 Ohio St. 2d 66, 330 N. E. 2d 720. Inasmuch as the subject of the redirect examination was brought out by counsel for appellant during cross-examination,[2] and since counsel for appellant indicated that evidence produced by appellant did tend to prove a system, we cannot agree that prejudicial error obtained.

Appellant argues the trial court erred in failing to instruct the jury regarding the law of same and similar crimes at the time of the testimony of such crimes over defense objection, and in not fully explaining, in its general charge to the jury, the purpose for which such testimony was admitted. Failure of a trial court in a criminal prosecution to admonish the jury, when evidence of same or similar acts is introduced under R. C. 2945.59, that such evidence

---

[2] The practice is uniform that redirect examination may include new matter drawn out in the next previous examination. McCormick on Evidence (2 Ed.), 64 (1972).

cannot be considered substantive evidence of the crime charged, and to limit the purpose for which such evidence is received, can, under appropriate circumstances, constitute error. However, counsel for appellant failed to register an objection regarding the instructions of the trial court to the jury and, therefore, he is precluded from assigning the omission as error. Crim. R. 30. The soundness of this rule has long been recognized by this court. See *State* v. *Nelson* (1973), 36 Ohio St. 2d 79, 85, 303 N. E. 2d 865. Moreover, a judgment of conviction is not to be reversed because of the admission of any evidence offered against a defendant or because of a misdirection of the jury, unless the defendant was or may have been prejudiced thereby. Crim. R. 33(E)(3) and (4). Even if we were to address as error the trial court's failure to instruct the jury as to the law of same and similar crimes at the time of the testimony of such crime, or the failure of the trial court fully to explain for jurors the purpose for which such testimony was admitted in its general charge, the instant record would compel a conclusion that such was harmless error beyond a reasonable doubt. *State* v. *Crawford* (1972), 32 Ohio St. 2d 254, 291 N. E. 2d 450.

Appellant contends that an instruction to the jury upon the aggravated murder charge, as alleged in the indictment, constituted prejudicial error by the trial court. Apparent confusion on the part of the trial court relative to the law of aggravated murder led to an exchange between the trial court, the prosecution, and counsel for appellant. The argument of appellant is that it was not necessary that counsel for appellant bring the alleged error to the attention of the trial court because this had been done by the prosecution.

Crim. R. 30, in relevant part, provides:

"A party may not assign as error the giving or the failure to give any instruction unless *he* objects thereto before the jury retires to consider its verdict, stating specifically the matter to which *he* objects and the grounds of *his* objection." (Emphasis added.)

The language of the rule does not allow for the interpretation which appellant would impose upon it.

Appellant states that the trial court's instruction that the jury might consider evidence of other acts as proof that appellant performed as alleged in the indictment constituted prejudicial error by the trial court. Appellant did not call the attention of the trial court to the allegedly prejudicial error attacked here, but suggests that because this was an error of commission by the trial court it was not one to be called to the court's attention. To the contrary, however, Crim. R. 30 puts the burden of timely objection upon the party making the subsequent assignment of error; this applies to the positive giving of instructions to the jury as well as the omission of them. The trial court's charge regarding evidence as to similar acts was not as good as possible, but upon our examination of the record we have no reason to believe that the jury was misled.

Appellant complains that the trial court's refusal to charge the jury on the included offense of murder was reversible error. Appellant suggests that the jury might have found appellant guilty of murder (but not aggravated murder) even though a felony had been committed, the felony being completed by the time of the homicide.

If the trier of fact "could *reasonably* find against the state for the accused upon one or more of the elements of the crime charged and for the state and against the accused on the remaining elements, which by themselves would sustain a conviction upon a lesser included offense, then a charge on the lesser included offense is both warranted and required, not only for the benefit of the state but for the benefit of the accused." *State* v. *Nolton* (1969), 19 Ohio St. 2d 133, 135, 249 N. E. 2d 797; *State* v. *Carver* (1972), 30 Ohio St. 2d 280, 290, 285 N. E. 2d 26; and *State* v. *Fox* (1972), 31 Ohio St. 2d 58, 64, 285 N. E. 2d 358. But this contention of appellant fails, because the record at bar does not establish that the jury could reasonably find the non-homicide felony complete by the time of the murder.

Appellant asserts that the evidence adduced was insufficient in law to support the jury's verdict. However, upon reviewing the record, it is our conclusion that sufficient probative evidence was adduced upon each of the essential elements of the crimes charged. Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.