THE STATE OF OHIO, APPELLEE, *v.* WALKER, APPELLANT.

484

(No. C-810058—Decided November 25, 1981.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, *Mr. William E. Breyer* and *Mr. Michael Barrett,* for appellee.

*Mr. Edward J. Collins,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

Defendant-appellant, Charles Walker, was indicted for the offense of robbery to which he pleaded not guilty. At trial the victim of the offense identified appellant as the man who had robbed her. Offering the defense of alibi, appellant testified that on the night of the robbery he was working at the Acropolis Chili Restaurant in Clifton. On January 16, 1981, appellant was found guilty as charged. He has filed this timely appeal presenting three assignments of error for review.

The first assignment of error states:

"The trial court committed plain error to the prejudice of the defendant/appellant by incorrectly instructing the jury that the defendant/appellant had the burden of proof with regard to his alibi defense."

The instructions on alibi follow:

"If after consideration of the evidence of alibi along with all the evidence you are firmly convinced beyond a reasonable doubt that the defendant was not present at the time in question, you must return a verdict of not guilty."

Appellant argues that the quoted instructions are in error because they incorrectly placed upon him the burden of proving alibi beyond a reasonable doubt. We agree. In a criminal prosecution a plea of "not guilty" requires the state to prove all material facts relating to the crime charged, *State* v. *Manago* (1974), 38 Ohio St. 2d 223 [67 O.O.2d 291], and an accused does not have the burden of proving alibi. *Sabo* v. *State* (1928), 119 Ohio St. 231; *State* v. *Brown* (1956), 102 Ohio App. 113 [2 O.O.2d 113].

Appellant did not, however, object to the jury instructions at trial. See Crim. R. 30. As a general rule if objection to instructions is not made at trial, the issue may not be raised on appeal. *State* v. *Roberts* (1976), 48 Ohio St. 2d 221 [2 O.O.3d 399]. Appellant has argued on appeal that the doctrine of plain error allows this court to consider the error in the instructions. See Crim. R. 52(B). Plain error has been defined as "obvious error which is prejudicial to an accused, although neither objected to nor affirmatively waived, which, if allowed to stand, would have a substantial adverse impact on the integrity of and public confidence in judicial proceedings." *State* v. *Craft* (1977), 52 Ohio App. 2d 1 [6 O.O.3d 1], paragraph one of the syllabus. The doctrine of plain error has been further explained in *State* v. *Long* (1978), 53 Ohio St. 2d 91 [7 O.O.3d 178]. In that case the Supreme Court of Ohio held that a jury instruction which requires the defendant to prove self-defense by a preponderance of the evidence does not constitute plain error unless, but for the error, the outcome of the trial clearly would have been otherwise. Although *State* v. *Long, supra,* and the case *sub judice* both concern instructions which incorrectly place the burden of proof upon the accused, the cases can be distinguished. The instructions given in *State* v. *Long, supra,* required the defendant to prove self-defense by a preponderance of the evidence; the instructions given in the case *sub judice* required appellant to prove alibi beyond a reasonable doubt. Both instructions were incorrect, but in requiring that appellant prove his alibi beyond a reasonable doubt the court below placed a heavier burden upon him than was placed upon the defendant in *State* v. *Long, supra.* Thus, the court below committed a greater error. The er-

roneous instruction "could not have done other than mislead the jury," *State* v. *McRae* (Feb. 27, 1980), Hamilton App. No. C-790240, unreported, and could have led to a "manifest miscarriage of justice." See *State* v. *Long, supra.* We believe the circumstances in the case *sub judice* warrant application of the plain error rule, and the first assignment of error is accordingly sustained.

We have examined appellant's second and third assignments of error, but find it unnecessary to consider them because of our disposition of the first assignment. The judgment of the court below is reversed and the case is remanded for further proceedings according to law.

*Judgment reversed and*
*case remanded.*

KEEFE, P.J., DOAN and KLUSMEIER, JJ., concur.