OPINION
This is a timely appeal from a judgment of the Carroll County Court of Common Pleas finding Allan R. Moore ("Appellant") guilty of misdemeanor theft in violation of R.C. § 2913.01, and breaking and entering, a fifth degree felony under R.C. § 2911.13(B). Appellant raises a total of six assignments of error both through appointed counsel and on his own in a supplemental pro se brief. As we detail below, none of the issues raised in either brief justify reversal.
This case concerns the theft of a significant quantity of hand-carved foundation stone traditionally found on older structures known as "barn stone." The barn stone at issue in this case was allegedly stolen between January 1, 2000, and January 10, 2000, from an abandoned and apparently dilapidated farmhouse located on property on Alamo Road in Carrollton, Ohio, owned by Paula Harrison ("Harrison").
Harrison had inherited the property from her parents. The farmhouse's foundation, fireplaces and chimneys had been fashioned with barn stone. Harrison resided some distance away from the property and was not aware of the loss until March 9, 2000, when a neighbor notified her that someone had toppled the fireplaces and removed most of the barn stone. Harrison reported the theft to the Carroll County sheriff's office. Harrison assessed the value of the missing barn stone to be well in excess of $500.00. (Tr. p. 154).
A brief investigation led to Appellant's arrest. For some time prior to the theft, Appellant had supplemented his income by contracting to remove barn stone from old buildings and selling it to stone companies or landscapers. At the time of this theft, barn stone brought $80-$160 per ton wholesale. On March 28, 2000, the grand jury issued a two count indictment charging Appellant with breaking and entering, a felony, and theft of an item worth between $500 and $4,500, also a felony. Appellant pleaded not guilty to both counts and the matter proceeded to trial.
At trial, Carroll County Sheriff's Detective Charles Kopp testified about his investigation of the theft and Appellant's eventual arrest. Detective Kopp also recounted a conversation he had with Appellant shortly after his arrest during an encounter in the receiving area of the jail. (Tr. p. 62). Detective Kopp testified that Appellant had asked him why the stolen barn stone had been valued at $4,500.00. Kopp responded that the victim had provided that information when she reported the loss. Detective Kopp testified that Appellant then remarked, "that was b.s., that he only took two loads and it was about $190." (Tr. p. 63).
Appellant's associates testified that Appellant had expressed an interest in taking the stones from the Alamo Road property. (Tr. p. 80). One witness, Chad Shafer, testified that he had helped Appellant remove the stones from the Harrison property sometime early in January, 2000. (Tr. p. 99). The prosecution also introduced evidence that Appellant sold several loads of barn stone to two different suppliers around the time of the theft's discovery. (Plaintiff's Exhibits 2-12). According to the prosecution, Appellant sought out and sold stone to suppliers outside the region in an effort to conceal his crime. (Tr. p. 299).
Appellant maintained his innocence. According to Appellant, he had gone onto the Harrison property to look at the stones exclusively for the purpose of determining their number and assessing their value. (Tr. p. 234). Appellant had intended to contact the property owner and offer to purchase and remove the stones. (Tr. p. 265). Appellant told the jury that when the person he contacted about that barn stone indicated that they were not interested in selling, he simply forgot about the stones and left them where they were. (Tr. pp. 258, 279). In rebuttal, however, Harrison testified that Appellant had never contacted her. (Tr. p. 277). The jury was also treated to Appellant's lengthy criminal history which included three prior breaking and entering convictions, theft, disorderly conduct and a probation violation. (State Exhibits 12, 13, 14).
The jury returned verdicts of guilty on Count 1 for theft in violation of R.C. § 2913.02(A)(1). Assessing the value of the property taken at below $500, however, the jury concluded that Appellant was only guilty of a first degree misdemeanor. The jury also found Appellant guilty of Count 2, breaking and entering, violating R.C. § 2911.13(B), a fifth degree felony.
The trial court sentenced Appellant on August 8, 2000, to concurrent terms of six months of incarceration for theft and eleven months for breaking and entering. In doing so, the trial court largely relied on Appellant's extensive criminal history. (Tr. p. 268). Appellant's notice of appeal from his conviction was filed on August 24, 2000.
Appellant submitted two briefs in this case. The first, prepared by counsel, raises two assignments of error. The other brief, prepared by the defendant pro se, sets forth additional claims. This Court will address each issue in turn. In his first assignment of error, Appellant alleges:
 "It is reversible error for a Court to permit a jury verdict to stand that finds a defendant guilty of Breaking and Entering, a violation of ORC 2911.13(B), a felony, if the same jury finds the defendant guilty of an underlying misdemeanor offense instead of an underlying felony offense which was an essential element for the felony of Breaking and Entering charged in the indictment."
Appellant argues that his conviction for breaking and entering, for which the trial court imposed a sentence of eleven months of imprisonment, was invalid. According to Appellant, his misdemeanor theft conviction could not provide the basis for felony breaking and entering as set forth under R.C. § 2911.13(B), because an essential element of that crime is a predicate felony. Specifically, Appellant argues that when the jury concluded that the value of the property he stole was less than $500.00, it created a bar to any conviction for breaking and entering. Appellant characterizes the verdict below as inconsistent and absolutely impossible. In so doing, Appellant fatally misconstrues the plain language of the statute.
A jury found Appellant guilty of committing two crimes: misdemeanor theft and breaking and entering. The elements of theft are detailed under R.C. § 2913.02(A)(1) as follows:
 "(A) No person, with purpose to deprive the owner of property or service, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 "(1) Without the consent of the owner or person authorized to give consent."
"* * *.
Under this statute, theft of property valued at $500.00 or more is a fifth degree felony, while theft of property valued at less than $500.00 is a petty theft, a misdemeanor of the first degree. R.C. §2913.02(B)(2). The offense of breaking and entering, a fifth degree felony, is propounded under R.C. § 2911.13(B), which states: "[n]o person shall trespass on the land or the premises of another, with purpose to commit a felony."
After hearing all the evidence presented, the jury found Appellant guilty of petty theft. The jury evidently concluded that the prosecution had failed to demonstrate that the value of the stones exceeded $500.00.
Such a conclusion, however, does not necessarily foreclose Appellant's breaking and entering conviction. The plain language of R.C. §2911.13(B) requires the prosecution to prove that breaking and entering was undertaken with the, "purpose to commit a felony." Accordingly, whether or not the felony is actually accomplished is inconsequential to the offense of breaking and entering. State v. Dunihue (1984),20 Ohio App.3d 210, 212. Moreover, the intent or purpose to perpetrate the felony may be formed at any time during the trespass. State v. Jones
(1981), 2 Ohio App.3d 20, 21.[1]
The present case is substantially similar to the scenario this Court addressed in State v. Perry (May 2, 1995), Jefferson App. No. 93-J-22, unreported. In Perry, the jury found the appellant guilty of breaking and entering under R.C. § 2911.13(B). The facts elicited at trial showed that the accused had trespassed on the victim's property intending to steal copper pipe. Had he been able to do so, he would have stolen pipe valued in excess of $500.00. Because of intervening circumstances, however, he was only able to steal a misdemeanor quantity of pipe. Based largely on his prior convictions for felony theft, the court in Perry
inferred that the accused possessed the requisite intent and purpose to commit a felony sufficient to justify his conviction for breaking and entering. Id. at 7.
In the present case, Appellant admitted to a police officer that he had stolen a misdemeanor quantity of barn stones. (Tr. p. 63). The jury also heard Appellant testify that the clutch on his truck broke during the time period that the theft was alleged to have occurred. (Tr. pp. 248, 249). Under the circumstances the jury may well have concluded that Appellant would have taken barn stone in a sufficient quantity to constitute a felony had his truck been fully operational. In any event, there is sufficient evidence in the record to support the jury's conclusion that Appellant trespassed onto Harrison's property with the purpose of committing a felony. Therefore, his conviction for breaking and entering is affirmed.
Appellant also argues that the trial court should have instructed the jury on the lesser included offense of criminal trespass to property as prohibited under R.C. § 2911.21(A). Appellant maintains that the trial court committed reversible error by failing to so instruct the jury. We disagree with this proposition.
The trial court presided over an instruction conference pursuant to Crim.R. 30(A). The transcript of that proceeding reveals that trial counsel did not ask that the court instruct the jury on the offense of criminal trespass, nor did trial counsel object to the instructions that were given. Thus, this argument is waived. State v. Jones (2001),91 Ohio St.3d 335, 347.
Nevertheless, a reviewing court may consider plain errors or defects which affect substantial rights even where they were not brought to the attention of the court. Crim.R. 52(B); State v. Demiduk (June 24, 1998), Columbiana App. No. 96-C0-16 (unreported), citing State v. Walker
(1981), 2 Ohio App.3d 483. Plain error is defined as, "obvious error which is prejudicial to an accused, although neither objected to nor affirmatively waived, which, if allowed to stand, would have a substantial adverse impact on the integrity of and public confidence in judicial proceedings." State v. Craft (1977), 52 Ohio App.2d 1, 7.
There was no plain error here. As noted above, the record supports the jury's determination that Appellant was guilty of both offenses and its verdict will not be disturbed.
For his second assignment of error, Appellant maintains that:
 "The failure of trial counsel to request an instruction and verdict form on the lesser included offense of Criminal Trespass was ineffective assistance of counsel and a violation of Appellant's Sixth and Fourteenth Amendment rights under the U.S. Constitution requiring reversal of the trial Court's judgment."
Appellant argues that his court-appointed trial counsel was ineffective for failing to request a jury instruction on the lesser included offense of criminal trespass. Judicial scrutiny of trial counsel's performance is highly deferential. State v. Bradley, 42 Ohio St.3d 136, 142; citingStrickland v. Washington (1984), 466 U.S. 668, 689. Accordingly, to maintain his ineffective assistance of counsel claim, Appellant must meet two requirements. First, he must show that trial counsel's performance was so deficient and his, "* * * errors so serious that [he] was not functioning as the counsel guaranteed the defendant by theSixth Amendment." Strickland, supra at 687. Second, Appellant must demonstrate that the deficient performance prejudiced the defense. Id., See alsoState v. Lytle (1976), 48 Ohio St.2d 391, 397, vacated in part on othergrounds, 438 U.S. 910.
Whether to request a specific jury instruction on a lesser offense is a matter of trial strategy left to counsel's discretion. State v. Griffin
(1996), 74 Ohio St.3d 332, 333, 658 N.E.2d 764, 765-766. Consequently, to demonstrate ineffective assistance of counsel, Appellant must overcome a presumption that the undertakings of a properly licensed attorney are sound trial strategy. Strickland, supra at 689. In so attempting, hindsight may not be used to distort the assessment of what was reasonable in light of trial counsel's perspective at the time. State v.Cook (1992), 65 Ohio St.3d 516, 524-525.
At trial, Appellant insisted that he was innocent. Appellant maintained that while he had been on Harrison's property and examined the barn stone, he did not take the stone. (Tr. p. 259). There is nothing in the record to demonstrate that trial counsel's decision to forego a jury instruction on the lesser offense of criminal trespass was anything other than a tactical election to seek an acquittal instead of a conviction on a lesser offense. Tactical omissions are typically deemed matters of trial strategy rather than error. State v. Clayton (1980),62 Ohio St.2d 45, 47.
Even if Appellant could meet the performance prong of the Strickland
test, his ineffective assistance of counsel claim still falters, because he cannot show that he was prejudiced by the instruction's omission. In other words, he must show that but for defense counsel's failure to request the instruction, the outcome of Appellant's trial would have been different. Appellant has been unable to direct this Court to anything in the record that substantiates his claim that counsel was incompetent and that he was prejudiced by that lack of competence. Accordingly, this assignment of error is overruled.
In a supplemental brief filed pro se, Appellant has submitted several additional assignments of error. This Court has reviewed each of those assignments of error and found them to be without merit. In summary, Appellant argues that his conviction is contrary to the manifest weight of the evidence; that the prosecutor committed misconduct by interposing improper and prejudicial comments during closing argument; that his trial counsel was ineffective because he failed to present an alibi defense; and that the Adult Probation Department improperly directed him to pay restitution to the victim in the amount of $4,500.00.
Appellant's claim that his convictions are against the manifest weight of the evidence is nonsense. The record demonstrates that the case underpinning Appellant's convictions was overwhelming. The jury could have convicted Appellant based on the remarks he made to Detective Kopp, alone. The jurors also heard Chad Shaffer testify that he had assisted Appellant in the task of removing the barn stone from the Harrison property. The prosecution then introduced documentary evidence showing that Appellant had sold a considerable amount of barn stone to several out-of-town businesses during the time frame that the theft was alleged to have occurred. In the end, Appellant's protestations to the contrary were all but nullified by evidence of his previous convictions for the same offenses.
The trial court found substantial evidence to support the jury's guilty verdict. This Court will exercise its authority to disturb such judgments only in exceptional circumstances and where the evidence weighs heavily against the conviction. State v. Martin (1983), 20 Ohio App.3d 172, 175. This is not one of those situations.
As for the alleged prosecutorial misconduct, that claim too, is meritless. Appellant here broadly attacks comments made by the prosecutor during his summation, contending that they unfairly biased the jury against him, but fails to identify the remarks he now purports were offensive. Lacking any direction from Appellant, this assignment of error is overruled.
Appellant further disputes the validity of a directive from the Adult Probation Department requiring him to pay restitution in the amount of $4,500.00. The transcript of proceedings does reflect that when it imposed the sentence in this case, the trial court delegated the restitution determination to the Adult Probation Department. Nevertheless, a review of the record on appeal discloses no order from that or any other department addressing restitution. (Tr. P. 326). Appellant bears the burden of affirmatively demonstrating error on appeal. Wray v. Parsson (1995), 101 Ohio App.3d 514, 518. Therefore, in presenting his assignments of error to this Court, Appellant must provide a record of facts, testimony and evidentiary matters necessary to address them. Id. This includes the orders or directives issued that he intends to challenge.
The document attached to Appellant's brief and captioned "PRC Results Notification" seems to verify the existence of a $4500.00 restitution order. That document also indicates, however, that the Carroll County Adult Probation Department did not assess restitution until October 16, 2000, seven weeks after Appellant filed his notice of appeal. While the record on appeal was transmitted to this Court on November 16, 2000, Appellant has never sought leave to supplement the record with this or any other document pertaining to restitution as provided under App.R. 9(E). Therefore, this Court is not now in a position to address any complaint Appellant has with respect to restitution assessment reached below.
Since we have overruled all of Appellant's assignments of error in their entirety, this Court hereby affirms the judgment entered by the Carroll County Court of Common Pleas.
Donofrio, J., and Vukovich, P.J., concurs.
[1] The Ohio Supreme Court approved of similar reasoning in State v.Fontes (1999), 87 Ohio St.3d 527. There, the court concluded that the "purpose to commit a criminal offense" element of aggravated burglary in violation of R.C. § 2911.11(A)(1) could be formed at any time during the course of the trespass. Id. at 530.