MARCZYK, P.J.Cv.
*467 The issue before the court is whether, in the context of an automobile negligence case, defense counsel can question plaintiff about whether the airbags deployed in his vehicle at the time of the accident. It does not appear that any courts in New Jersey have previously addressed this issue. For the reasons set forth below, the court has determined this line of inquiry is improper in the absence of expert testimony.[1]
Plaintiff, Auttika Taing (hereinafter "plaintiff"), filed an in limine motion to bar defendant, James Braisted (hereinafter "defendant"), from questioning plaintiff about whether or not the air bags deployed in his vehicle at any time during the course of the subject accident. Plaintiff's argument was essentially two-fold. Initially, plaintiff's counsel contended that plaintiff's vehicle, which was a 1996 model, was not equipped with side airbags and the collision involved a side impact. There was no sworn testimony or other evidence, however, presented to the court regarding whether the car had airbags. More importantly, plaintiff argued that even if the vehicle had air bags, the question is improper because it is an attempt by defendant to suggest to the jury that the impact between the vehicles was minor given that the airbags did not deploy. Plaintiff asserted that the jury should not be able to consider this issue in the absence of expert testimony.
Defendant argued the issue of whether the airbags deployed was analogous to the use of photographs in an automobile negligence case as permitted by Brenman v. Demello, 191 N.J. 18, 921 A.2d 1110 (2006). Defendant contended that the jury should be able to consider whether or not the airbags deployed in their evaluation of the force of the impact from the subject accident in much the same way a jury is permitted to view photographs of *468 damaged vehicles that were involved in an accident to evaluate plaintiff's injuries.[2] *536 DISCUSSION
The first issue the court must address is whether the deployment of airbags is relevant to determine if plaintiff sustained an injury in an automobile negligence action. Any evidence presented at trial must be relevant. "[R]elevant evidence means evidence having a tendency in reason to prove or disprove any fact of consequence to the determination of the action." N.J.R.E. 401. In determining whether evidence is relevant, the inquiry focuses upon "the logical connection between the proffered evidence and a fact in issue." State v. Hutchins, 241 N.J. Super. 353, 358, 575 A.2d 35 (App. Div. 1990). That is, relevance has to do with whether the evidence proffered "renders the desired inference more probable than it would be without the evidence." State v. Davis, 96 N.J. 611, 619, 477 A.2d 308 (1984) (quoting State v. Deatore, 70 N.J. 100, 116, 358 A.2d 163 (1976) ). To say that "evidence is irrelevant in the sense that it lacks probative value" means that it "does not justify any reasonable inference as to the fact in question." State v. Allison, 208 N.J. Super. 9, 504 A.2d 1184 (App. Div. 1985)
*469 (quoting McCormick on Evidence § 185 at 544 (3d ed. 1984) ). Conversely, if evidence does support the existence of a specific fact, even obliquely, it is relevant and admissible. Verdicchio v. Ricca, 179 N.J. 1, 33-34, 843 A.2d 1042 (2004).
The relevance of whether or not airbags activated in a particular accident is a recurring issue in automobile negligence cases. At times, the issue is raised by plaintiffs to demonstrate there was a significant impact from the accident. More commonly, however, it is defendants who seek to raise the issue to demonstrate the accident was relatively minor as was the case in the matter at bar. In the court's view, the deployment of the airbags could be relevant depending on the facts of the case and how the evidence is presented. For example, if plaintiff alleged there was a significant impact in an accident where both plaintiff's vehicle and defendant's vehicle were involved in a head-on-collision under circumstances in which it was agreed that the airbags on plaintiff's vehicle were designed to deploy if the vehicles were traveling as fast as the plaintiff alleged, but the airbags failed to deploy, it may very well be relevant. Arguably, the failure of the airbags to deploy could be said to raise an inference that one or both of the vehicles were not traveling as fast as plaintiff alleged. This, in turn, could be relevant to the jury in assessing plaintiff's credibility and damages. In short, there could be circumstances in which the failure of the airbags to deploy renders the desired inference more probable than it would be without the evidence. However, the problem with the above hypothetical, and the way this issue is often raised in court, is that there is generally no agreement between the parties that the airbags should have deployed in a particular accident because there are too many variables that are typically not addressed in order to *537 provide a proper foundation for this evidence to be admitted.
In the court's view, in order for evidence to be presented to the jury concerning the failure of the airbags to deploy, defendant must present competent expert testimony addressing the different variables at play in these situations. Whether or not the airbags *470 deployed is not relevant in the absence of expert testimony because it does not, without more information, tend to prove or disprove an issue in the case. In the absence of expert testimony, the jury would not know the amount of force needed to trigger the specific airbag contained in the subject vehicle. Moreover, without an expert providing an explanation as to how an airbag system functions, a jury would not know the location of the airbag sensors on the subject vehicle. Accordingly, a jury would not be able to understand why an airbag system did, or did not activate, in a particular accident.
Expert testimony is required when the "matter to be dealt with is so esoteric that jurors of common judgment and experience cannot form a valid judgment as to whether the conduct of the party was reasonable." Butler v. Acme Mkts., Inc., 89 N.J. 270, 283, 445 A.2d 1141 (1982). If "the case involves a complex instrumentality, expert testimony is needed in order to help the fact-finder understand 'the mechanical intricacies of the instrumentality' ...." Rocco v. N.J. Transit Rail Ops., Inc., 330 N.J. Super. 320, 341, 749 A.2d 868 (App. Div. 2000) (quoting Jimenez v. GNOC, Corp., 286 N.J. Super. 533, 546, 670 A.2d 24 (App. Div. 1996) ). The court has determined that a motor vehicle's airbag system is a complex mechanism or instrumentality which requires expert testimony to explain why an airbag did or did not activate in a specific situation. It is not within the common knowledge of an average juror to know the degree or direction of force that will trigger a particular vehicle's airbags to deploy. The jury in this case would be left to speculate as to why the airbag did not deploy. In the absence of expert testimony, a jury would not be in a position to determine the relevancy of why an airbag did not deploy. Other jurisdictions have similarly concluded that airbag systems are complex instrumentalities requiring expert testimony to explain how they function. See Wood v. Toyota Motor Corp., 134 Md.App. 512, 760 A.2d 315, 319 (2000) ; Britt v. Chrysler Corp., 699 So.2d 179, 181 (Ala. 1997).
*471 Without expert testimony, it is improper for a defendant to question any witness with respect to the failure of airbags to deploy in order to raise an inference that the accident involved a minor impact. In the absence of expert testimony, the fact that the airbags did not deploy does not provide the jury with any meaningful information and could mislead the jury. It is possible that a serious accident with significant motor vehicle damage may not cause airbag deployment for one reason or another. Conversely, there may be circumstances when a minor accident with very little motor vehicle damage could cause the airbags to deploy. In the court's view, it is improper for the jury to consider these issues in the absence of expert testimony to explain how the airbag system on a particular vehicle works and why it did, or did not, activate as a result of a particular accident.
For the reasons set forth above, in the absence of expert testimony it is improper for defendant to present evidence as to whether the airbags deployed in the vehicles involved in the accident so as to suggest that the accident involved a minor impact.

This opinion supplements the oral opinion given on the record at trial.

In automobile negligence claims jurors are given instructions pursuant to Brenman v. Demello, 191 N.J. 18, 921 A.2d 1110 (2006) as how to evaluate photographs of vehicles damaged in an accident with respect to their impact on the alleged personal injuries. Specifically, jurors are instructed:
A number of photographs of one or more of the vehicles involved in the accident have been introduced into evidence. These photographs show the damage or depict the condition of the vehicles after the impact. As judges of the facts, you may attribute such weight to the photographs as you deem appropriate taking into consideration all of the other evidence in this case. In some accidents resulting in extensive vehicle damage, the occupants may suffer minor injuries or no injuries at all. In other accidents where there is no or little apparent vehicle damage, the occupants may suffer serious injuries. In reaching your decision in this matter, you are to give the photographs whatever weight you deem appropriate. They are but one factor to be considered, along with all other evidence, in determining whether the plaintiff sustained injuries as a result of the accident.
[Model Jury Charges (Civil), 5.34, "Photographic Evidence in Motor Vehicle Accidents" (approved Oct. 2009).]