MARCZYK, P.J.Cv.
*460 The issue addressed in this matter is whether it is appropriate in a personal injury action, stemming from an automobile accident, for plaintiff's counsel to question his client as to whether his vehicle was "totaled" as a result of the accident with defendant's vehicle. The question was asked to demonstrate to the jury the significance of the impact. While this issue often arises in the context of automobile negligence actions, it does not appear that *933 it has been heretofore addressed by the courts in New Jersey.
The plaintiff in this matter alleged that he sustained permanent injuries in a motor vehicle accident caused by the defendant. During the direct examination of plaintiff at trial, plaintiff's counsel inquired as to whether plaintiff's vehicle was totaled as a result of the subject accident. Defense counsel objected arguing the question was improper. Defendant argued that whether or not the vehicle was totaled (or a total loss) without more information could mislead the jury regarding the extent of the actual damage to the vehicle. Plaintiff, in turn, asserted that whether the vehicle was totaled is relevant with respect to the extent of the collision and its corresponding impact on plaintiff's injuries, which can be considered by the jury pursuant to *461 Brenman v. Demello, 191 N.J. 18, 921 A.2d 1110 (2007). The court ultimately sustained the objection on the basis of relevancy.[1]
DISCUSSION
The key issue the court must decide is whether it is relevant to the jury's consideration of plaintiff's alleged injuries whether plaintiff's vehicle was totaled in the accident at issue. It is well established that any evidence presented at trial must be relevant. "[R]elevant evidence means evidence having a tendency in reason to prove or disprove any fact of consequence to the determination of the action." N.J.R.E. 401. In determining whether evidence is relevant, the inquiry focuses upon "the logical connection between the proffered evidence and a fact in issue." State v. Hutchins, 241 N.J. Super. 353, 358, 575 A.2d 35 (App. Div. 1990). That is, relevance has to do with whether the evidence proffered "renders the desired inference more probable than it would be without the evidence." State v. Davis, 96 N.J. 611, 619, 477 A.2d 308 (1984) (quoting State v. Deatore, 70 N.J. 100, 116, 358 A.2d 163 (1976) ). To say that "evidence is irrelevant in the sense that it lacks probative value" means that it "does not justify any reasonable inference as to the fact in question." State v. Allison, 208 N.J. Super. 9, 504 A.2d 1184 (App. Div. 1985) (quoting McCormick on Evidence, § 185 at 544 (3rd ed. 1984) ). Conversely, if evidence does support the existence of a specific fact, even obliquely, it is relevant and admissible. Verdicchio v. Ricca, 179 N.J. 1, 33-34, 843 A.2d 1042 (2004).
In most circumstances either party can enter photographs of the vehicles involved in an accident into evidence pursuant to Brenman, 191 N.J. at 35-36, 921 A.2d 1110. Brenman is often cited by parties in their attempt to present testimony that a vehicle was (or was not) totaled in an accident. Ibid. In Brenman our Supreme Court permitted the utilization of photographs of the damaged *462 vehicles in a personal injury case. Ibid. The Court determined the jury could consider the photographs in evaluating the seriousness of the accident and its impact on plaintiff's injuries. Ibid. A jury charge is routinely given in auto negligence cases consistent with Brenman. Specifically, jurors are instructed:
A number of photographs of one or more of the vehicles involved in the accident have been introduced into evidence. These photographs show the damage or depict the condition of the vehicles after the impact. As judges of the facts, you may attribute such weight to the photographs as you deem appropriate taking into consideration all of the other evidence in this case. In some accidents resulting in extensive vehicle damage, the occupants may suffer minor injuries or no injuries at all. In other accidents *934 where there is no or little apparent vehicle damage, the occupants may suffer serious injuries. In reaching your decision in this matter, you are to give the photographs whatever weight you deem appropriate. They are but one factor to be considered, along with all other evidence, in determining whether the plaintiff sustained injuries as a result of the accident.
[Model Jury Charges (Civil), 5.34, "Photographic Evidence in Motor Vehicle Accidents" (approved Oct. 2009.]
In this court's view, the use of photographs from an accident is distinguishable from advising the jury that a vehicle was totaled. Testimony regarding whether a vehicle was totaled does not provide a jury with the same type of information as photographs or testimony regarding the extent of the damage. In fact, it can be very misleading as discussed below.
As a threshold matter, the term "totaled" has two very different meanings. When someone is told that a vehicle has been totaled it may conjure up images of a vehicle that has been completely demolished in a serious accident. Notwithstanding the connotations of the term, it also has an objective meaning within the insurance industry that means something entirely different from its colloquial use. In determining whether a vehicle is totaled or a total loss, insurance companies have to consider a variety of factors including: the cost of repairing the vehicle, the projected diminished resale value, projected rental costs, a comparison to the actual cash value of the vehicle, along with the projected proceeds of selling the vehicle for salvage. In insurance parlance, "[t]ypically, cars are considered to be 'totaled' when the cost to repair the vehicle is higher than the actual cash value of the *463 vehicle. Practically speaking, however, it is not always practical to repair a vehicle even if the cost of repair is less than its actual cash value." Gary Wickert, Esq., When is a Vehicle Considered a Total Loss?, Claims Journal (Dec. 5, 2013), https://www.claimsjournal.com/news/national/2013/12/05/240841.htm. "The criteria for deciding when a car is a total loss and when it can be repaired vary from insurance company to insurance company and might even be dictated and controlled by state statute or regulation." Ibid. Given the different meanings of totaled it is improper, in the court's view, to allow either party to raise this issue. Simply because a vehicle may have been totaled, without more information, does not render the desired inference (i.e. that plaintiff was injured because of the severity of the accident) more probable than it would be without the evidence.
Plaintiff's counsel properly introduced photographs into evidence that depicted the damage of the vehicle. However, plaintiff's attempt to ask a witness whether his vehicle was totaled is irrelevant in the court's view. The court is mindful this issue is also routinely raised by defense counsel when the vehicle at issue is not declared a total loss. This is equally misleading and irrelevant. The court recognizes that the extent of the impact is relevant in automobile negligence actions. However, whether a car was totaled does not provide the jury with meaningful information with respect to the severity of the impact. Accordingly, any line of inquiry regarding whether a vehicle was totaled in an accident in the context of a personal injury action is irrelevant.
For the reasons set forth above, it is improper for plaintiff to question a witness as to whether a vehicle was totaled in an automobile negligence action so as to suggest the accident involved a significant impact. Whether a vehicle was totaled is irrelevant and should not be considered by *935 the jury in assessing the extent of plaintiff's injuries.

This opinion supplements the oral decision placed on the record at the time of trial.