MARCZYK, P.J.Cv.
*473 This case presents the issue of whether, in the context of an automobile negligence case, plaintiff's counsel can question his client about whether a passenger in plaintiff's vehicle sustained an injury in *102 order to help establish that plaintiff was injured in the accident. It does not appear that this issue has been addressed in any prior reported case in this state. For the reasons that follow, the court concludes that it is not relevant whether another individual was injured in an accident to demonstrate that plaintiff was injured in the same accident.[1]
I.
This case involves an automobile accident. Defendant stipulated negligence prior to trial so the only issue to be addressed by the jury was whether plaintiff sustained a permanent injury and whether he is entitled to pain and suffering damages under the lawsuit limitation provision (also known as the "verbal threshold") in the Automobile Insurance Cost Reduction Act ("AICRA"), N.J.S.A. 39:6A-1.1 to -35. Plaintiff testified during direct examination that he was working at the time of the accident as a jitney driver. His jitney was struck on the passenger side by defendant's vehicle shortly after picking up passengers from a local casino. Plaintiff was then asked what happened to one of the passengers in the jitney at the time of the impact and defense counsel *474 objected. Plaintiff's counsel indicated (at sidebar) that his client was prepared to testify that one of the passengers on the jitney was thrown from her seat, injured and subsequently taken by ambulance to the hospital. Defendant argued that it was irrelevant with respect to plaintiff's injury whether a passenger on the jitney was thrown from her seat and injured as a result of the accident. Plaintiff argued that it was relevant with respect to the severity of the impact as to whether a passenger in the jitney was thrown from her seat. Plaintiff was also trying to demonstrate that because a passenger was injured it was likely that plaintiff was also injured.
This line of questioning frequently arises in automobile negligence cases. More often it is defendant who seeks to demonstrate that plaintiff could not have been seriously injured in the accident because other passengers in the same vehicle were unscathed. In this case, it was plaintiff who attempted to utilize this argument which, in the court's view, was intended to persuade the jury that because another passenger was injured it was more likely than not that plaintiff also sustained an injury. The court ultimately ruled that plaintiff may testify about the passenger on the jitney being thrown from her seat as evidence regarding the extent of the impact, but that it was improper for plaintiff to testify about the passenger being injured as a result of the accident.
II.
Initially, the court would note that whether a passenger was thrown from her seat in plaintiff's jitney is probative of the seriousness of the impact. In Jackowitz v. Lang, 408 N.J. Super. 495, 508, 975 A.2d 531 (App. Div. 2009), the court noted, "[w]e acknowledge that even when liability is stipulated, there can be appropriate references to the happening of the accident as such information may be relevant to the nature of the injuries sustained and damages." In the court's view, the fact that a passenger was thrown from her seat during the accident is relevant with respect to the significance of the accident. The evidence tends to demonstrate *475 how hard the jitney was struck by defendant's vehicle. However, as discussed below, whether another individual in the accident sustained a broken arm, concussion, herniated disc or other injury does not necessarily *103 have a tendency to prove (or disprove) whether plaintiff sustained a permanent injury in the subject accident.
The key issue the court must address is whether a passenger's injury is relevant as to whether plaintiff sustained an injury in the same automobile accident. Any evidence presented at trial must be relevant. "[R]elevant evidence means evidence having a tendency in reason to prove or disprove any fact of consequence to the determination of the action." N.J.R.E. 401. In determining whether evidence is relevant, the inquiry focuses upon "the logical connection between the proffered evidence and a fact in issue." State v. Hutchins, 241 N.J. Super. 353, 358, 575 A.2d 35 (App. Div. 1990). That is, relevance has to do with whether the evidence proffered "renders the desired inference more probable than it would be without the evidence." State v. Davis, 96 N.J. 611, 619, 477 A.2d 308 (1984) (quoting State v. Deatore, 70 N.J. 100, 116, 358 A.2d 163 (1976) ). To say that "evidence is irrelevant in the sense that it lacks probative value" means that it "does not justify any reasonable inference as to the fact in question." State v. Allison, 208 N.J. Super. 9, 504 A.2d 1184 (App. Div. 1985) (quoting McCormick on Evidence § 185, at 544 (Cleary ed., 3d ed. 1984) ). Conversely, if evidence does support the existence of a specific fact, even obliquely, it is relevant and admissible. Verdicchio v. Ricca, 179 N.J. 1, 33-34, 843 A.2d 1042 (2004). Once deemed relevant, the evidence is admissible "[e]xcept as otherwise provided in these rules or by law." N.J.R.E. 402. "However, even if relevant, evidence nonetheless 'may be excluded if its probative value is substantially outweighed by the risk of (a) undue prejudice, confusion of issues, or misleading the jury or (b) undue delay, waste of time, or needless presentation of cumulative evidence.' " Brenman v. Demello, 191 N.J. 18, 30, 921 A.2d 1110 (2007) (quoting N.J.R.E. 403 ).
*476 In the court's view, testimony regarding whether another individual was injured in the same accident as plaintiff is not relevant as to whether plaintiff sustained a permanent injury. The fact that another individual, in the same accident, was injured does not render the desired inference more probable than it would without the evidence. One could be involved in a catastrophic accident in which someone dies but another passenger in the same vehicle walks away without so much as a scratch. There are many variables that factor into whether an individual sustains an injury in a motor vehicle accident. Some individuals are frail while others are not readily susceptible to injury. Certain individuals involved in the same accident may sustain the brunt of the impact from the other vehicle or may be positioned in such a way to cause them be more susceptible to being injured. In short, simply because one person gets injured in an accident does not mean that someone else in the same vehicle must have also sustained an injury. Furthermore, simply because one individual was not injured in an accident does not create an inference that no one else in the vehicle was injured. That is, defendant could not introduce evidence that another passenger in the jitney was not injured to prove plaintiff could not have been injured. Because passengers in the same vehicle have different body types, are in different positions and experience different degrees of force during an accident, neither plaintiff nor defendant, in ordinary circumstances, should be able to refer to the injury or lack of injury of another individual involved in the accident for the purpose of proving or disproving plaintiff's alleged injuries.
Even if the court were to determine that there was some relevance of the proffered *104 testimony, it would not be admissible under N.J.R.E. 403. In the court's view, the probative value of another person being injured in the same accident is substantially outweighed by the risk of misleading the jury that one individual's injuries are somehow related to another passenger's injury (or lack of injury). Both parties would arguably have to obtain another set of experts to address the injuries of a non-party. Moreover, a court would be faced with having a trial within a trial if both *477 parties had to prove or disprove that another individual sustained an injury proximately caused by the same accident involving the plaintiff. Moreover, there are serious privacy issues regarding the production of medical records of a third party with no interest in the lawsuit.
In short, this testimony would not be admissible pursuant to an analysis under N.J.R.E. 403. In so ruling, the court does not foreclose the admission of testimony regarding another passenger's injuries in certain limited circumstances. Whether or not another party was injured in an accident giving rise to litigation could be relevant depending on the facts of the case and how the evidence is presented. However, it would still not be admissible with respect to whether plaintiff sustained a permanent injury proximately cause by the accident.
For the reasons set forth above, it is not relevant whether another individual involved in the same accident sustained an injury in order to help prove that plaintiff was also injured in the accident.

This opinion supplements the oral decision placed on the record at the time of trial.