# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0337-25

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

M.L.N.,

    Defendant-Respondent.

_____

Submitted January 22, 2026 – Decided January 30, 2026

Before Judges Mayer and Jacobs.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 22-06-1592.

Grace C. MacAulay, Camden County Prosecutor, attorney for appellant (Jason Magid, Assistant Prosecutor, of counsel and on the brief).

Law Office of Louis Guzzo, attorneys for respondent (Eric R. Foley, on the brief).

PER CURIAM

Defendant M.L.N. (Madeleine) was indicted for the kidnapping of her daughter W.N. (Wanda) and attempted kidnapping of her daughter I.N. (Izzy).[1] The State alleges defendant, in the middle of the night, kidnapped Wanda from the residence of her biological father, W.L. (Wally), who had custody of Wanda. The State further alleges defendant attempted to break into the home of defendant's sister, D.N. (Darcy), and kidnap Izzy, who was in Darcy's custody because she is born of a different biological father.

As part of a necessity or failure-of-proof defense, defendant seeks to present evidence that Wally sexually abused Wanda. The State moved to exclude that evidence. The trial court denied the State's motion. The State sought leave to appeal from that interlocutory order, asserting the evidence is irrelevant to the attempted kidnapping of Izzy and pertains only to the kidnapping of Wanda. This court granted leave to appeal. We affirm in part and reverse in part.

I.

In October 2018, the Division of Child Protection and Permanency (Division) learned Wanda purportedly told defendant that Wally was molesting

---

[1] We use fictitious names to protect the privacy of the biological parents and children. R. 1:38(f)(4).

A- 0337-25

her. The Division referred Wanda to the CARES Institute, a regional diagnostic center for child abuse, where a physical examination proved inconclusive. Wanda denied the allegations. During the examination, defendant was interviewed. She claimed Wally was a "great dad" and had "always been appropriate" with Wanda. The Division took no further action.

In July 2019, the Division received another referral, this time from defendant, alleging Wally was molesting Wanda. The Division initiated an investigation, and Wanda was again examined by a doctor at the CARES Institute. Based on the investigation, no charges were filed against Wally.

In February 2020, after Wally was awarded joint custody of Wanda, defendant again reported to the Division that Wally sexually abused Wanda. Investigators interviewed Wanda at defendant's home. Wanda stated that neither parent touched her inappropriately. She added that "[defendant] told me to say that." Detectives from the Camden County Prosecutor's Office (CCPO) interviewed Wanda in March 2020. Wanda consistently maintained that no one touched her inappropriately and that defendant was the one who made her say Wally touched her inappropriately.

Wally told CCPO detectives the allegations were made after he stopped paying defendant's bills, accused her of alcohol and drug abuse, and complained

3

she was not participating in court-ordered treatment. He also stated the allegations were asserted after he failed to inform defendant that he was taking Wanda to court-ordered therapy. Wally further explained he was scheduled to have parenting time with Wanda on February 28, 2020, but defendant refused, alleging Wally's sexual abuse of Wanda. Detectives later corroborated Wally's statements through the contents of his cell phone.

When the CCPO detectives confronted defendant, she claimed Wanda lied about the abuse allegations because she was nervous. Detectives stated Wanda did not appear nervous during the interview. In response, defendant claimed Wally must have told her what to say.

On March 25, 2020, at approximately 4:51 a.m., Gloucester City police responded to multiple 9-1-1 calls for a burglary in progress. Officers entered the residence and found Y.E. (Yuri) pinning defendant to the ground.

Yuri stated he had been sleeping with his fiancé, Darcy, on a mattress in the living room. Darcy woke him after hearing banging outside the home. Yuri observed a white truck with a logo parked on the street with its lights on. Darcy told Yuri she saw someone walking around the outside of the house and they continued to hear banging.

4

A- 0337-25

Darcy retrieved the children from their bedrooms, while Yuri armed himself with a cooking pan. Yuri then heard glass breaking from the children's bedroom. Darcy removed the children from the home and placed them in her car. Yuri remained inside.

The intruder, later identified as defendant, entered the home through the children's bedroom window. Yuri struck her with the pan, pinned her to the ground, and called 9-1-1. Defendant identified herself, yelling "[Yuri], it's [Madeleine]." Yuri asked if anyone else was with her. Defendant stated Wanda was with her.

When police arrived, they found Wanda inside the white truck parked outside the home. The truck belonged to Wally, who confirmed that Wanda and his work truck were missing.

Wally told police he last saw Wanda in bed in his home the previous evening, but defendant had a key to his home. Defendant had previously claimed she lost the key and never returned it. Wally stated defendant no longer had permission to enter his home or take his work truck.

Izzy's biological father, who lived with defendant, told police defendant had been acting strangely. He stated defendant had been cleaning the house because the "kids were coming home." He said he was unaware defendant

A- 0337-25

planned to take the children from their respective residences.

Detectives interviewed Wanda after the incident. She stated defendant took her from Wally's residence when she was sleeping and drove her to another house (Yuri residence) in Wally's work truck.

As a result of these incidents, Indictment No. 0586-03-21 charged defendant with second-degree false incrimination, N.J.S.A. 2C:28-4(a), and second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a)(2).

Indictment No. 1592-06-22 charged defendant with three counts of first-degree kidnapping, N.J.S.A. 2C:13-1(b)(4), (1), (3); two counts of third-degree interference with custody, N.J.S.A. 2C:13-4(a)(1), (4); and one count of third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a)(2), as to Wanda. As to Izzy, this indictment charged defendant with three counts of second-degree attempted kidnapping, N.J.S.A. 2C:5-1, 2C:13-1(b)(4), (1), (3); two counts of third-degree attempted interference with custody, N.J.S.A. 2C:5-1, 2C:13-4(a)(1), (4); and one count of third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a)(2).

Defendant was also charged with third-degree burglary, N.J.S.A. 2C:18-2(a)(1); third-degree theft by unlawful taking, N.J.S.A. 2C:20-3(a); second-degree burglary, N.J.S.A. 2C:18-2(a)(1); third-degree possession of a weapon

6

for an unlawful purpose, N.J.S.A. 2C:39-4(d); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); three counts of endangering the welfare of a child, N.J.S.A. 2C:24-4(a)(2); and two counts of criminal contempt, N.J.S.A. 2C:29-9(a).

The State moved to exclude evidence of the sexual abuse allegations against Wally. On January 23, 2025, Judge Edward McBride, Jr. denied the State's motion in an oral decision. He issued an accompanying order, providing in relevant part:

> 1. The State's motion to exclude evidence of allegations of abuse by [Wally] against the child (the "disputed evidence") is DENIED, and the following limitations apply to introduction of the disputed evidence:
>
>> a. The [d]efendant may introduce the disputed evidence under a "failure[-]of[-]proof" theory to negate the mental state required to be proven by the State as to any charges that have such a requirement.
>>
>> b. The [d]efendant may introduce the disputed evidence for purposes of asserting an affirmative defense of necessity: (1) to charges under N.J.S.A. 2C:13-1(b)(4) only if the conditions and limitations imposed under N.J.S.A. 2C:13-4(e) are satisfied; (2) to charges under N.J.S.A. 2C:13-4(a) only if the conditions and limitations imposed under N.J.S.A. 2C:13-4(c) are satisfied; and (3) to any other charges only if the standards applicable to the common law

> affirmative defense of necessity as recognized in N.J.S.A. 2C:3-2(a) are satisfied.
>
> 2. Evidence regarding whether the alleged sexual abuse occurred is not admissible, and the [d]efendant may not elicit testimony from [Wally], the child, or anyone else regarding whether [Wally] committed any acts of sexual abuse against the child.

The State subsequently moved for a N.J.R.E. 104 hearing to determine which counts, if any, permitted introduction of the sexual abuse allegations. Defendant cross-moved to permit the evidence in support of a mens rea defense and to consolidate both indictments.

In a written decision, Judge Thomas T. Booth, Jr., denied the State's motion and granted defendant's evidentiary motion.[2] However, he denied defendant's consolidation motion.[3] He agreed the abuse allegations formed a factual basis for a potential necessity defense to the kidnapping charge involving Wanda. He specifically ruled the evidence of sexual abuse was admissible only as to defendant's state of mind and not as to whether such abuse actually occurred. He further ruled "there [wa]s no need for any additional hearing."

---

[2] Judge Booth was assigned the matter because in the interim Judge McBride retired from the judiciary.

[3] The order denying consolidation of the indictments is not on appeal.

The State moved for leave to appeal and a stay. We granted the State's motion. The State now raises the following argument:

> REVERSAL IS WARRANTED BECAUSE THE LAW DIVISION UNSOUNDLY DETERMINED THE ALLEGATIONS OF SEXUAL ABUSE RELATED TO [WANDA] WERE ADMISSIBLE AS TO THOSE COUNTS RELATED TO [IZZY] TO SUPPORT DEFENDANT'S DEFENSES OF FAILURE[-]OF[-] PROOF AND/OR NECESSITY AT TRIAL.

Evidence is relevant if it has any tendency to prove or disprove a fact of consequence to the determination of the action. N.J.R.E. 401. Unless there is some other basis for exclusion, all relevant evidence is admissible. N.J.R.E. 402. "Relevance turns on whether there is a 'logical connection' between the evidence offered and the issues in question." JS Props., L.L.C. v. Brown & Filson, Inc., 389 N.J. Super. 542, 554 (App. Div. 2006) (quoting Verdicchio v. Ricca, 179 N.J. 1, 33 (2004)). "[S]uch a nexus exists when 'the thing sought to be established is more logical with the evidence than without it.'" Ibid. (quoting State v. Hutchins, 241 N.J. Super. 353, 358 (App. Div. 1990)).

"Relevant evidence may still 'be excluded if its probative value is substantially outweighed by the risk of (a) undue prejudice, confusion of issues, or misleading the jury or (b) . . . needless presentation of cumulative evidence.'" State v. Santamaria, 236 N.J. 390, 406 (2019) (quoting N.J.R.E. 403). "Evidence

A- 0337-25

should be barred under N.J.R.E. 403 if the probative value of the evidence is so significantly outweighed by [its] inherently inflammatory potential as to have a probable capacity to divert the minds of the jurors from a reasonable and fair evaluation of the issues." Ibid. (alteration in original) (internal quotations marks omitted) (quoting State v. Cole, 229 N.J. 430, 448 (2017)).

"It is not enough for the opposing party to show that the evidence could be prejudicial; '[d]amaging evidence usually is very prejudicial but the question here is whether the risk of undue prejudice was too high.'" Cole, 229 N.J. at 448 (alteration and emphasis in original) (quoting State v. Morton, 155 N.J. 383, 453-54 (1998)). In other words, damaging evidence is often prejudicial, but it must rise to the level of undue prejudice to warrant exclusion. Ibid. See, e.g., State v. Smith, 471 N.J. Super. 548, 573 (2022) (holding defendant's convictions alleging he committed sexual offenses against the daughter of his girlfriend were improper because the jury heard evidence of defendant's alleged repeated assaults of his own daughter and the improper joinder clearly had the capacity to bring about an unjust result under Rule 2:10-2).

"The party urging the exclusion of evidence under N.J.R.E. 403 retains the burden 'to convince the court that the N.J.R.E. 403 considerations should control.'" Santamaria, 236 N.J. at 406 (quoting Rosenblit v. Zimmerman, 166

N.J. 391, 410 (2001)).

"In light of the broad discretion afforded to trial judges, an appellate court evaluates a trial court's evidentiary determinations with substantial deference." Cole, 229 N.J. at 449 (citing State v. Kuropchak, 221 N.J. 368, 385 (2015)). "Evidentiary decisions are reviewed under the abuse of discretion standard because, from its genesis, the decision to admit or exclude evidence is one firmly entrusted to the trial court's discretion." Estate of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 383-84 (2010) (citing Green v. N.J. Mfrs. Ins. Co., 160 N.J. 480, 492 (1999)). An evidentiary ruling will be overturned only when "a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005) (internal quotation marks omitted) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

The parties agree that evidence of the sexual abuse allegations is admissible in support of defendant's failure-of-proof or necessity defense as to the kidnapping and related charges involving Wanda. The parties agree the evidence is relevant to defendant's state of mind and is not unduly prejudicial as to those counts. The sole issue on appeal is whether the evidence is admissible as to the charges involving Izzy. We conclude the trial court abused its

discretion in finding that it was.

Under N.J.R.E. 401, the evidence offered is not relevant to the charges related to Izzy against defendant. This is because allegations that Wally sexually abused Wanda has no tendency to prove or disprove any fact of consequence relating to the attempted kidnapping of Izzy. Stated otherwise, the allegations that Wally sexually abused his biological daughter, Wanda, have no bearing on a necessity or failure-of-proof defense as to Izzy, who is unrelated to Wally.

There is no "logical connection" between the allegations concerning the alleged sexual abuse of Wanda and the kidnapping of Izzy. Brown, 389 N.J. Super. at 554 (quoting Verdicchio, 179 N.J. at 33). Defendant may have believed Wanda was in danger, but this does not explain or justify her attempted kidnapping of Izzy. Moreover, Izzy was never the subject of any Division investigation.

Even if marginally relevant, the evidence is inadmissible under N.J.R.E. 403. Its admission as to the charges against defendant related to Izzy is likely to confuse the issues at trial and mislead the jury. Under these facts, the admission of the sexual abuse allegations involving Wanda in defending against the charges related to the kidnapping of Izzy would have the "probable capacity to divert the minds of the jurors from a reasonable and fair evaluation of the

12

issues." <u>Santamaria</u>, 236 N.J. at 406 (quoting <u>Cole</u>, 229 N.J. at 448).  <u>See</u> <u>Smith</u>, 471 N.J. Super. at 573.

Affirmed in part, reversed in part.  We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A- 0337-25